IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Action Enterprise of Anderson, LLC, | ) | C.A. No. 8:05-3595-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| vs. | ) | |
| | ) | |
| Mansfield Oil Company of | ) | |
| Gainesville, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Action Enterprise of Anderson, LLC is hereby ordered to inform the court of the

citizenship of all of its members for the purpose of determining whether the requirements of

federal subject matter jurisdiction are satisfied. See 28 U.S.C. § 1332; Cosgrove v.

Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited

liability company is the citizenship of all of its members); JBG/JER Shady Grove, LLC v.

Eastman Kodak Co., 127 F. Supp. 2d 700, 701 (D. Md. 2001) (holding that for purposes of

diversity the citizenship of a limited liability company is the citizenship of all of its members).

Action Enterprise of Anderson, LLC is ordered to respond within ten (10) days of the date of

this order.

Further, Mansfield Oil Company of Gainesville, Inc. is ordered to inform the court of

its state of incorporation and principal place of business for the purpose of determining

whether the requirements of federal subject matter jurisdiction are satisfied. See 28 U.S.C. §

1332.

1

Dockets.Justia.com

In addition, the notice of removal does not indicate that the matter in controversy exceeds $75,000.  As such, the parties are ordered to inform the court whether the matter in controversy satisfies the requirements of § 1332.

**IT IS SO ORDERED.**


s/ Henry M. Herlong, Jr.
United States District Judge


Greenville, South Carolina
January 4, 2006

2